# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MICHELLE N. PORTER, as the )
Personal Representative of the Estate )
of Robert B. Porter, Deceased )
                                                   )
                 Plaintiff, )
vs. )    NO. CIV-15-0390-HE
                                                   )
THE BOARD OF COUNTY )
COMMISSIONERS OF OKLAHOMA )
COUNTY, STATE OF OKLAHOMA; )
and JACOB OWEN STREETER, )
DEPUTY OF OKLAHOMA COUNTY, )
in his individual and official capacities, )
                                                   )
                 Defendant. )

## ORDER

Plaintiff Michelle N. Porter, the personal representative of the estate of Robert B. Porter, deceased, filed this action against the Board of County Commissioners of Oklahoma County ("Board") and Jacob Owen Streeter, an Oklahoma County deputy sheriff, in both his individual and official capacities. She asserted a negligence claim against the Board under state law and a substantive due process claim against defendant Streeter under 42 U.S.C. §1983. The claims arose out of a fatality accident that occurred on January 27, 2014, and involved vehicles driven by Streeter and the decedent. Both defendants sought the dismissal of the claim asserted against them. Concluding defendant Streeter was entitled to qualified immunity, the court dismissed the substantive due process claim plaintiff had asserted against him. It denied the Board's motion to dismiss the negligence claim.

Plaintiff then filed an amended complaint, again suing the Board and defendant

Streeter. This time he sued defendant Streeter solely in his individual capacity, but he asserted the identical substantive due process claim against him. Plaintiff again alleged a state law negligence claim against the Board and added a § 1983 failure to train claim. Both defendants have filed motions to dismiss.[1]

In his motion defendant Streeter claims that, because the court has previously concluded he is entitled to qualified immunity with respect to plaintiff's substantive due process claim, that claim must be dismissed. Plaintiff did not respond to defendant's motion. However, "[u[nder Tenth Circuit precedent ... 'a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response.'" Fournerat v. Wisconsin Law Review, 420 Fed.Appx. 816, 819 (10th Cir. 2011) (unpublished) (quoting Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003)). The court agrees, though, with defendant's analysis. Therefore, because defendant Streeter is entitled to qualified immunity with respect to plaintiff's substantive due process claim, *see* December 30, 2015, Order [Doc. #35], defendant Streeter's motion [Doc. #42] is granted. Plaintiff's substantive due process claim against defendant Streeter is dismissed.

**IT IS SO ORDERED**.

Dated this 29th day of March, 2016.

JOE HEATON
CHIEF U. S. DISTRICT JUDGE

---

[1] *The Board's motion to dismiss will be handled by separate order.*